**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA NEWSOME, | CIVIL ACTION NO. 10-5067 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| N.J. DEP'T OF COMMUNITY AFFAIRS, | |
| Defendant. | |

**THE PLAINTIFF**, who is pro se, applies for in-forma-pauperis relief under 28 U.S.C. § 1915 ("Application"), as she is not currently employed and is "on permanent sick disability". (Dkt. entry no. 1, Appl.) The Court will (1) grant the Application, and (2) deem the Complaint to be filed. The Court may now (1) review the Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

**THE PLAINTIFF** names a state agency in this action alleging employment discrimination in violation of Title VII. (Dkt. entry no. 1, Compl.) The plaintiff submitted approximately 149 disorganized pages as exhibits ("Exhibits") in support of the Complaint. (See dkt. entry nos. 1, 4, 5 & 6.) The Court has located within the Exhibits a right-to-sue notice from the United States Equal Employment Opportunity Commission ("EEOC") dated

August 3, 2010.  (Dkt. entry no. 6-1 at 26-27, 8-3-10 Dismissal & Notice Of Rights.)

**BUT THE EXHIBITS** also refer to ongoing state administrative proceedings concerning the plaintiff's former employment.  (See dkt. entry no. 6-1 at 3, 9-19-08 New Jersey Department of Personnel ("NJDOP") Letter (stating state proceedings held in abeyance pending resolution of EEOC investigation, and New Jersey Civil Service Commission ("NJCSC") will then issue decision); id. at 20-22, 11-19-08 Pl. Letter (referring to state proceedings); id. at 33, 11-21-08 NJDOP Letter (same); id. at 36, 4-7-10 Def. Letter (arguing position in state proceedings); id. at 34, 7-26-10 Def. Letter (advising plaintiff of right to bring further state proceedings); id. at 39-40, 8-31-10 NJCSC Letter (acknowledging plaintiff's pending state proceedings).)

**A DISTRICT COURT** must abstain from exercising jurisdiction in an action if there are (1) state proceedings that are related and pending, (2) important state interests implicated therein, and (3) adequate opportunities to raise federal claims therein. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).  A district court should stay a federal action — rather than dismiss a complaint — if the state proceedings are administrative in nature, in order to assure that the federal claims are actually resolved.  Gwynedd Props. v. Lower Gwynedd Twp., 970 F.2d 1195,

1204 & n.14 (3d Cir. 1992) (stating district court is without discretion to dismiss, rather than stay, monetary-relief claim that may not be redressed in state proceeding); Bongiorno v. Lalomia, 851 F.Supp. 606, 610-17 (D.N.J. 1994) (staying action sua sponte, rather than dismissing complaint, as monetary-damage claim might not be resolved in pending state proceeding), aff'd, 39 F.3d 1168 (3d Cir. 1994).  A state administrative proceeding is considered to be a "proceeding" under Younger.  See Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002) (stating same).

**THERE ARE** related state proceedings that are pending here, and any determinations therein are subject to a review by the New Jersey state courts.  See N.J.Ct.R. 2:2-3 (setting forth procedure for further review by New Jersey Appellate Division); N.J. Law Enforcement Supervisors Ass'n v. New Jersey, 414 N.J.Super. 111, 117 (N.J. App. Div. 2010) (reviewing denial by Office of Employee Relations of request for certain relief).

**THE COURT** will therefore stay and administratively terminate the action pending the complete resolution of the related state proceedings.  The plaintiff will be granted leave to move to reopen the action only upon a showing that the plaintiff (1) exhausted all of the state administrative and state court remedies available in the related proceedings, and (2) attempted to pursue all related federal claims in the state proceedings first.  The plaintiff must proceed — in view of the relief that

she has sought so far — at the state level first.  See Ocean Grove Camp Meeting Ass'n v. Vespa-Papaleo, 339 Fed.Appx. 232, 237, 239 (3d Cir. 2009) (stating in Younger analysis that proper forum for review of New Jersey state agency's final decision is New Jersey Appellate Division); W.K. v. N.J. Div. of Dev'l Disabilities, 974 F.Supp. 791, 794 (D.N.J. 1997) (stating proper forum for review of state agency's final decision is New Jersey Appellate Division, as for Younger purposes the administrative and appeals process is treated as a unitary system).

**AN ORDER** administratively terminating an action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy.  See Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination is not a final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits").

**THE COURT** notes that the Complaint, when viewed in conjunction with the voluminous Exhibits, violates Federal Rules of Civil Procedure 8 and 10.  The plaintiff, if moving to reopen when all state remedies have been exhausted, also must seek leave to file a proper amended complaint with a limited number of attachments.  The plaintiff, if moving to reopen, also must

either re-apply for in-forma-pauperis relief if her financial status is the same as it is now, or pay the filing fee.  For good cause appearing, the Court will issue an appropriate order and judgment.

                                                          s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

**Dated:**  May 10, 2011